Commonwealth, Appellant, *v.* DiPasquale.

Argued May 21, 1968. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Richard A. Sprague,* First Assistant District Attorney, with him *Michael J. Rotko,* Assistant District Attorney, *Arlen Specter,* District Attorney, *William C.*

*Sennett*, Attorney General, for Commonwealth, appellant.

*Alvin B. Lewis, Jr.*, President, for Pennsylvania District Attorney's Association, amicus curiae.

*G. Fred Di Bona* and *A. Charles Peruto*, for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, October 3, 1968:

These appeals are taken by the Commonwealth (1) from the Order of the Court of Quarter Sessions of Philadelphia denying the motion of the Commonwealth (a) for a continuance and (b) for a nolle pros, and also (2) from the entry of verdicts of not guilty at the trial.

Appellee was charged, along with two others, on seven bills of indictment for murder, manslaughter and conspiracy. The case arose out of shootings and killings alleged to have occurred on June 17, 1966, at the headquarters of the Philadelphia teamsters union offices.

Appellee's case was listed for trial six times prior to March 11, 1968, and on each date was continued by the lower Court upon the request or motion of the District Attorney. Moreover, appellee's prior habeas corpus petition for an immediate trial on the ground that he was being denied his Constitutional right to a speedy and public trial—Sixth Amendment to the Constitution of the United States and Article I, Section 9, of the Constitution of Pennsylvania—was denied by the lower Court.

Appellee's case was listed for trial on March 11, 1968, by the Court Administrator of the Common Pleas Courts of Philadelphia. When the case was called for trial in the proper Court, the District Attorney in-

formed the trial Judge that the Commonwealth had only one witness, namely Boyesky, who could incriminate the defendant, and that Boyesky had informed the District Attorney that he would repudiate the statement he had made to the police in which he incriminated the defendant, and that if called as a witness he would plead the Fifth Amendment.

Counsel for Boyesky then stated to the Court that he had advised his client (1) that he could take the Fifth Amendment, since the incriminatory statement his client had given to the police was untrue, and (2) that his client, if called as a witness, would "disavow" his above-mentioned statement. Boyesky's counsel further stated to the Court that on *January 4, 1967* (a) he had informed the District Attorney by letter that his client would refuse to support the statement he had made to the police, and (b) he had thereafter frequently reiterated that position to the District Attorney. Furthermore, there were apparently several meetings between Boyesky and/or his counsel at which the District Attorney was notified that Boyesky would either repudiate his statement or plead the Fifth Amendment privilege.

The District Attorney then stated to the Court that in view of the above-mentioned facts, he would not be able to make out a prima facie case against the defendant, and that he was forced to request leave to nolle pros. the indictments. The District Attorney contended (1) that Boyesky had been intimidated, and (2) that lie detector tests had shown that he was lying when he repudiated his original inculpatory statement, and (3) that these facts and circumstances furnished adequate reasons and grounds for his failure to previously seek a nolle pros.

The lower Court agreed with appellee's contention that to grant a nolle pros. would be to deny him his

Constitutional right to a speedy public trial, and consequently the trial Court ordered the parties to proceed with the trial. This Order was appealed by the District Attorney to this Court sur a petition for a writ of prohibition, which was denied by us in a per curiam Opinion. The trial Court thereafter formally denied the District Attorney's petition for a nolle pros., as well as his application for a dismissal of the indictments under Rule 316 of the Pennsylvania Rules of Criminal Procedure, and a jury found defendant not guilty on all indictments. From these Orders of the lower Court and from the verdicts of not guilty, the District Attorney took the present appeals.

The Commonwealth contends that it is the District Attorney's province and power to prosecute an indicted defendant at such time and in such a manner as he deems appropriate and wise, and consequently the lower Court had no power to order the trial to be held without the District Attorney having moved for trial, and that the trial was therefore a nullity and the verdicts of not guilty are null and void. The District Attorney further contends that a nolle pros would not have deprived the accused of a speedy public trial, and even if it would have, the proper action for the lower Court was to enter an Order of dismissal of the indictments under Rule 316, supra. We find no merit in any of these contentions.

I. *General powers of a District Attorney and of a trial or lower Court Judge.*

The Commonwealth contends that the acquittal of appellee was a *nullity* because the Court had no *power* to order the case to trial.

A District Attorney has a *general* and widely recognized power to conduct criminal litigation and prosecutions on behalf of the Commonwealth, and to decide whether and when to prosecute, and whether and

when to continue or discontinue a case. See *Commonwealth v. Ragone*, 317 Pa. 113, 176 Atl. 454; *Com. ex rel. Specter v. Freed*, 424 Pa. 508, 228 A. 2d 382. But this broad general power of a District Attorney is subject to the right and power of a Court (a) to provide generally for the orderly administration of criminal Justice, including the right and power to supervise all trials and all Court proceedings, and (b) to protect all of a defendant's rights to a fair trial and due process under the Constitution of the United States and the Constitution of Pennsylvania. More particularly, these powers of a Court include supervision of the trial lists, the grant or refusal of a continuance and of a nolle pros—all of which are, at a proper time, subject to appellate review.

Rule 300 of the Pennsylvania Rules of Criminal Procedure provides:

"*Rule 300. Administrative Judge.*

"(a) . . . The Administrative Judge shall be responsible generally for the orderly administration of criminal justice within the county subject only to the direction in administrative matters of the Chief Justice of the Supreme Court."

The grant or refusal of a petition for nolle pros. and for a continuance lies within the sound discretion of the lower Court, and its action will not be reversed in the absence of an abuse of discretion. *Bierstein v. Whitman*, 355 Pa. 515, 50 A. 2d 334; *Anderson v. Guerrein, etc., Co.*, 346 Pa. 80, 29 A. 2d 682.

In the light of all the hereinabove-stated facts, we cannot say that the decision of the trial Judge to order these cases to trial was an abuse of discretion.*

---

* It is unnecessary to decide whether a reversal of the verdicts or a nolle pros or a dismissal and subsequent trial, *upon the application of the District Attorney*, would result in double jeopardy. Cf. *Commonwealth v. Melton*, 406 Pa. 343, 178 A. 2d 728; *Commonwealth v. Hart*, 427 Pa. 618, 235 A. 2d 391.

## II. *Dismissal of Indictments.*

The Commonwealth next contends that if the Court's Order *refusing* a nolle pros was proper, the indictments should nevertheless have been dismissed, upon the motion by the District Attorney, under Rule 316 of Pennsylvania Rules of Criminal Procedure. *Rule 316(a)* provides:

"(a) Upon application and a showing that an indictment has not been found against a defendant within a reasonable time or that he has not been brought to trial within a reasonable time after indictment, the court *may** order dismissal of the prosecution or, in lieu thereof, make such other order as shall be appropriate in the interests of justice."

It is crystal clear that Rule 316(a), which merely gives the Court *discretionary* power, does not aid or support the position or any of the contentions of the District Attorney under the facts in this case. Furthermore, *under the facts herein,* a dismissal or any similar action or order would not only be inappropriate in the interests of Justice, but would violate defendant's right to a speedy public trial which is ordained by the Constitution of the United States and the Constitution of Pennsylvania. *Klopfer v. North Carolina,* 386 U.S. 213.

Orders and Judgments affirmed.

Mr. Justice COHEN concurs in the result.

---

* Italics, ours.