Commonwealth *v.* Gant, Appellant.

428

Argued September 14, 1968. Before WRIGHT, P. J., MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ. (WATKINS and HANNUM, JJ., absent).

*John Packel,* Assistant Defender, with him *W. Bourne Ruthrauff* and *Melvin Dildine,* Assistant Defenders, and *Herman I. Pollock,* Defender, for appellant.

*James D. Crawford,* Assistant District Attorney, with him *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., December 12, 1968:

In 1963 appellant was found guilty on charges contained in seven different indictments. As a result of a post-conviction appeal he was awarded a new trial on February 19, 1968, on all convictions.

On March 22, 1968, appellant appeared in the County Court of Philadelphia, at which time the Commonwealth, over appellant's objection and request for an immediate jury trial, was granted a nolle prosequi under Rule 314 of the Pennsylvania Rules of Criminal Procedure. Appellant now maintains that he was denied his constitutional right to a speedy trial, as interpreted in *Klopfer v. North Carolina,* 386 U.S. 213 (1967). See also *Commonwealth v. DiPasquale,* 431 Pa. 536, 246 A. 2d 430 (1968).

In *Klopfer,* the trial court entered a nolle prosequi "with leave" on motion of the prosecutor and over the objection of the defendant. No justification for this motion was offered by the prosecution at that time. The United States Supreme Court held that this procedure violated defendant's right to a speedy trial under the Sixth Amendment.

This holding was based on the fact that "the petitioner is not relieved of the limitations placed upon his liberty by this prosecution merely because its suspension permits him to go 'whithersoever he will.' The pendency of the indictment may subject him to pub-

lic scorn and deprive him of employment, and almost certainly will force curtailment of his speech, associations and participation in unpopular causes. By indefinitely prolonging this oppression, as well as the 'anxiety and concern accompanying public accusation,' the criminal procedure . . . clearly denies the petitioner the right to a speedy trial which we hold is guaranteed to him by the Sixth Amendment of the Constitution of the United States." *Klopfer,* supra.

These same considerations apply in the instant case. The thrust of *Klopfer* is that no person should be forced to live under the shadow of a criminal indictment without the right to have a quick and final determination of his criminal responsibility. Otherwise, he will suffer anxiety and a feeling of helplessness from the knowledge that at some future time he may be subject to incarceration.

The Commonwealth mistakenly asserts, therefore, that *Klopfer* is inapplicable in the instant case because Pennsylvania unlike North Carolina, requires subsequent court approval before a nolle prosequi may be vacated and appellant brought to trial. *Klopfer* is not concerned with the final disposition of a criminal accusation; its only concern is with the presence, for an unreasonable period of time, of an outstanding criminal charge. An accused's emotional distress and anxiety will not be mitigated by the requirement that there be court approval of a subsequent prosecution. The concern of the Supreme Court in *Klopfer,* therefore, is not avoided by this procedural safeguard.

We also reject the Commonwealth's argument that *Klopfer* is inapposite because it is restricted to a defendant who was a college professor who "almost certainly will (be forced to curtail) . . . his speech, associations and participation in unpopular causes," because of the threat of impending criminal prosecu-

tion. Undoubtedly, *Klopfer* did have First Amendment overtones, but it cannot be read only in that context. The Sixth Amendment guarantee of a speedy trial "is an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself." *United States v. Ewell*, 383 U.S. 116, 120 (1966). Similarly, in *United States v. Young*, F. 2d (1968), the Court of Appeals for the District of Columbia, after citing *Ewell*, stated that *Klopfer* stood for the proposition that "Prolonging the anxiety and concern unreasonably and extending the oppression that may accompany criminal prosecution can sometimes constitute a denial of a defendant's right to a speedy trial." The court found such a denial when the appellee was caused "anxiety, concern and embarrassment from a five and one half month delay" attributable solely to the government's delaying tactics.

We recognize that the right to a speedy trial "is necessarily relative. It is consistent with delays and depends upon circumstances." *Beavers v. Haubert*, 198 U.S. 77, 87 (1905). *But* the "delay must not be purposeful or oppressive." *Pollard v. United States*, 352 U.S. 354, 361 (1957). Indeed, "no delay on the part of the prosecution is reasonable, except only that which is necessary for proper preparation and to secure the attendance of witnesses." *Commonwealth v. Thomas*, 353 Mass. 429, 233 N.E. 2d 25 (1967), quoting from 1 Cooley, Constitutional Limitations (8th ed.), p. 646.

In the instant case, the nolle prosequi was entered over a month after appellant was granted a new trial. Another eight months have elapsed since then during which time the Commonwealth has never offered to withdraw the nolle prosequi or bring the case to trial.

No justification has ever been offered for this delay. The facts in this case dramatically illustrate, therefore, why a trial court should not readily grant a nolle prosequi unless the Commonwealth has presented good and sufficient reasons for its request.

The Commonwealth contends, in addition, that appellant failed to bring this appeal under the procedure set forth in Rule 316 of the Rules of Criminal Procedure. The rule provides in part that "Upon application and a showing that an indictment has not been found against a defendant within a reasonable time or that he has not been brought to trial within a reasonable time after indictment, the court may order dismissal of the prosecution or, in lieu thereof, make such other order as shall be appropriate in the interests of justice." No formal procedure is specified, however, whereby such an "application" may be brought. We believe that appellants' request for a jury trial when the nolle prosequi was imposed satisfied Rule 316. One month had already elapsed from the date of the granting of the new trial; this was surely sufficient time within which the Commonwealth could have listed the case for trial.

The order of nolle prosequi entered by the court below is vacated and the case is remanded to permit the Commonwealth to list this case for trial within thirty days of this order. Should it fail to do so, all charges shall be dismissed and the defendant shall be discharged.

WRIGHT, P. J., and JACOBS, J., would quash the appeal.