Commonwealth *v.* Leaming, Appellant.

Argued April 21, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Leonard Turner,* with him *Louis S. Cali,* for appellant.

*James D. Crawford,* Deputy District Attorney, with him *Carl B. Feldbaum,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, March 18, 1971:

Appellant, Joseph Leaming, was convicted of first degree murder following trial by jury and sentenced to life imprisonment on February 28, 1967. This Court subsequently reversed the judgment of sentence and remanded the case for a new trial because of the introduction at the first trial of an unconstitutionally obtained confession.[1] Although the judgment was reversed on November 12, 1968, there has as yet been no retrial, and appellant presently maintains that this delay prior to retrial violates his constitutional right

---

[1] See *Commonwealth v. Leaming,* 432 Pa. 326, 247 A. 2d 590 (1968).

to a speedy trial. Under the circumstances presented, we must agree.

The pertinent chronology is as follows. When appellant appeared for a new trial on February 28, 1969, the Commonwealth applied for a nolle prosequi. Appellant opposed the application and moved for immediate trial. The trial court denied both the application for a nolle prosequi and the motion for immediate trial and ordered the case put on a deferred indictment status for a period not to exceed six months. On September 15, 1969, appellant's case was again listed for trial. The Commonwealth renewed its application for a nolle prosequi, and appellant renewed his demand for trial. The trial court granted the nolle prosequi on the same date, and the present appeal was taken from that order.

We must address ourselves initially to the question of the appealability of the order granting the nolle prosequi. The Commonwealth asserts that the order is interlocutory, noting that appellant could raise his speedy trial claim if and when the Commonwealth petitions the trial court to remove the nolle prosequi and that the necessity for our review of the speedy trial issue would disappear altogether if appellant were to win an acquittal upon retrial.

To the extent that the constitutional guarantee of speedy trial reflects a desire to minimize the degree to which pretrial delay hampers an accused's ability to defend himself, appellant would indeed have an adequate opportunity to secure relief by appealing any subsequent conviction on the ground of prejudicial delay. However, the speedy trial guarantee is also much concerned with limiting the period of "anxiety and concern accompanying public accusation." *United States v. Ewell*, 383 U.S. 116, 120, 86 S. Ct. 773, 776 (1966), and, in this regard, quashing the instant appeal makes little sense. The logic of the Commonwealth's position

allows for the possibility that appellant will be forced to live under the shadow of a pending indictment for years, and appellate review after trial at the expiration of such a potentially long period can provide no effective remedy for the intervening anxiety and concern.[2] Accordingly, even if the nolle prosequi order be interlocutory, the particular nature of the speedy trial issue presents "exceptional circumstances" dictating appealability. See *Commonwealth v. Washington,* 428 Pa. 131, 236 A. 2d 772 (1968); *Commonwealth v. Kilgallen,* 379 Pa. 315, 108 A. 2d 780 (1954); *Commonwealth v. Gant,* 213 Pa. Superior Ct. 427, 249 A. 2d 845 (1968).[3]

On the merits, appellant relies upon the United States Supreme Court's decision in *Klopfer v. North Carolina,* 386 U.S. 213, 87 S. Ct. 988 (1967). See also *Commonwealth v. DiPasquale,* 431 Pa. 536, 246 A. 2d 430 (1968); *Commonwealth v. Gant, supra.* In *Klopfer,* defendant was indicted and tried on a charge of criminal trespass, but a mistrial occurred when the jury failed to return a verdict. He later moved for a defi-

---

[2] This same constitutional defect would attend a ruling that an accused must wait to raise the speedy trial issue until the Commonwealth petitions for removal of the nolle prosequi; the Commonwealth might wait *years* to seek such removal.

Moreover, we are puzzled by the Commonwealth's reference to the possibility of deferring review of the speedy trial issue until the Commonwealth seeks to remove the nolle prosequi. The order granting the nolle prosequi is just as "final" as would be an order removing the nolle prosequi.

[3] Instead of prosecuting the instant appeal, appellant might have sought similar relief by applying for a final dismissal of his prosecution or other appropriate order under Pa. R. Crim. P. 316(a). However, the existence of this possible alternative remedy does not affect our conclusion of appealability. The issue of the appealability of a Rule 316 order would appear to be the same as that of the appealability of a nolle prosequi order, cf. *Commonwealth v. Gant, supra,* and we perceive no reason to force an accused to choose one or the other procedure.

nite indication as to when he would be retried, and the State, in response, requested and was granted a "nolle prosequi with leave", the legal effect of which was to allow the defendant to go "withersoever he will" while reserving to the State the power to relist his case for trial at any time. On appeal the United States Supreme Court held that this procedure was constitutionally defective. The Court rejected the notion that "the right to a speedy trial does not afford affirmative protection against unjustified postponement of trial," 386 U.S. at 219, 87 S. Ct. at 991, but concluded instead that a State cannot "indefinitely postpone prosecution on an indictment without stated justification over the objection of an accused who has been discharged from custody." 386 U.S. at 214, 87 S. Ct. at 989.

The Commonwealth asserts that *Klopfer* is inapposite for the reason that Pennsylvania unlike North Carolina, requires subsequent court approval before a nolle prosequi may be vacated and appellant brought to trial. This very contention was rejected, and correctly so, in *Commonwealth v. Gant,* supra. "Klopfer is not concerned with the final disposition of a criminal accusation; its only concern is with the presence, for an unreasonable period of time, of an outstanding criminal charge. An accused's emotional distress and anxiety will not be mitigated by the requirement that there be court approval of a subsequent prosecution. The concern of the Supreme Court in Klopfer, therefore, is not avoided by this procedural safeguard." 213 Pa. Superior Ct. at 430, 249 A. 2d at 846. Appellant's situation *is* materially similar to that suffered by Klopfer, the indefinite postponement of trial over the objection of the accused, and it is thus our task to review the nature of the justification offered by the Commonwealth in support of the postponement.

At the nolle prosequi hearing on September 15, 1969, it was revealed that appellant's alleged accom-

plice had been committed to Farview State Hospital, and it was the express opinion of the Commonwealth's attorney that he would remain there "for the rest of his life." The Commonwealth's attorney also professed knowledge of one other person whom he believed to be a material witness, but he admitted that this individual had offered no statement and has refused to speak. No other potential evidence against appellant was discussed at the hearing, and the Commonwealth's only other stated basis for seeking a nolle prosequi was the possibility that "the law might change" so as to permit the later use of a confession which we held unconstitutional in appellant's prior appeal.[4] In this Court the Commonwealth presents the additional contention that since appellant stands indicted for murder, a crime for which there is no statute of limitations, a greater delay in bringing him to trial is permissible.

Although the right to a speedy trial is "necessarily relative," *Beavers v. Haubert,* 198 U.S. 77, 87, 25 S. Ct. 573, 576 (1905), the foregoing factors cannot be deemed sufficient to justify further indefinite delay in appellant's retrial. The absence of a limitations period for murder prosecutions is not wholly irrelevant; it reflects the felt seriousness of the crime, and this is indeed a factor to be considered before foreclosing all further prosecution. However, more than ten months elapsed between the time we reversed appellant's first conviction and the time the trial court ordered the nolle prosequi here challenged. Where one witness is, according to the Commonwealth, hopelessly insane, and the only other known potential witness denies that he has any evidence to offer, there is scant basis to expect the possibility of trial in the foreseeable future.[5] The Commonwealth's contention that the law

---

[4] See note 1, supra.

[5] Cf. ABA Project on Minimum Standards for Criminal Justice, Speedy Trial §2.3 (Approved Draft 1968):

might some day change is no more than a vague and unsubstantiated hope that we will overrule our decision in appellant's prior appeal. In these circumstances, appellant is entitled to demand that the Commonwealth either proceed to trial or be barred from further prosecution.[6]

Accordingly, the nolle prosequi is vacated and the case remanded for a prompt trial or, failing that, for final dismissal of the charges against appellant.

It is so ordered.

Mr. Justice JONES concurs in the result.

Mr. Justice COHEN took no part in the decision of this case.

---

"The following periods should be excluded in computing the time for trial:

. . .

"(d) The period of delay resulting from a continuance granted at the request of the prosecuting attorney, if: (i) the continuance is granted because of the unavailability of evidence material to the state's case, when the prosecuting attorney has exercised due diligence to obtain such evidence *and there are reasonable grounds to believe that such evidence will be available at the later date; . . .*" (Emphasis added.)

[6] As of the date of this opinion and since the reversal of appellant's first conviction, the Commonwealth has had the benefit of more than *two years* to await any favorable change in the incompetency of one witness and in the reluctance of the other.