**Commonwealth v. Keys**

C.P. of Lawrence County, no. 993 of 2009.

*Diane Shaffer, district attorney,* for Commonwealth.
*Stanley T. Booker,* for defendant.

COX, *J.,* January 26, 2011—In the instant matter, the court ordered a *nolle prosequi,* on February 22, 2010, without a hearing, of all charges filed against the defendant Aaron Lamont Keys. The defendant appealed that decision and the Pennsylvania Superior Court remanded the case

to this court to hold an evidentiary hearing regarding the motion for *nolle prosequi*. The defendant claims that the court should not grant the commonwealth's motion for *nolle prosequi* as the commonwealth intends to refile the charges in an attempt to circumvent Pa.R.Crim.P. 600.

On August 19, 2009, the commonwealth filed a criminal complaint that included the charges of possession with the intent to deliver a controlled substance[1], persons not to possess, use, manufacture, control, sell or transfer firearms,[2] and two counts of intentional possession of a controlled substance by a person not registered[3] because the defendant was in possession of 6.8 grams of crack cocaine and 12 Roxycodone tablets. The commonwealth, on September 8, 2009, agreed to withdraw the charge of possession with the intent to deliver a controlled substance regarding the 6.8 grams of crack cocaine and the defendant, in return, waived his right to a preliminary hearing. An information was filed on September 17, 2009, charging the defendant with persons not to possess, use, manufacture, control, sell or transfer firearms and two counts of intentional possession of a controlled substance by a person not registered. All of these facts occurred during the term of then District Attorney John J. Bongivengo.[4]

On January 4, 2010, the defendant filed a motion for continuance for the call of the trial list because defense counsel required more time to communicate with his client. Moreover, the defendant filed a continuance on February 1, 2010, for the call of the trial list stating that counsel is in

---

1. 35 P.S. § 780-113(a)(30). This charge was filed because the defendant was in possession of 6.8 grams of crack cocaine.

2. 18 Pa.C.S.A. § 6105(a)(1).

3. 35 P.S. § 780-113(a)(16).

4. District Attorney Joshua Lamancusa was subsequently elected to the position of District Attorney of Lawrence County on November 3, 2009, and assumed office on January 4, 2010.

the process of negotiating a plea. This case was reviewed by the current District Attorney Joshua Lamancusa, who disagreed with the decision to withdraw the charge of possession with the intent to deliver a controlled substance regarding the 6.8 grams of crack cocaine. Subsequently, the commonwealth filed a motion for *nolle prosequi* on February 19, 2010, requesting that the current case be nolle prossed. However, the commonwealth also indicated that the charges would be refiled. On February 18, 2010, Assistant District Attorney Diane Shaffer, who was representing the commonwealth in this matter, informed defense counsel, Stanley T. Booker, Esquire, that the commonwealth was seeking a *nolle prosequi*. Mr. Booker indicated that he was opposed to the *nolle prosequi* and he contacted the office of the district court administrator for the Court of Common Pleas of Lawrence County to inform them of the same. However, a hearing was not scheduled for the motion for *nolle prosequi* filed by the commonwealth and court administration placed the motion amongst the uncontested motions awaiting the court's signature in conformance with the common practice of Lawrence County. The local rules of Lawrence County permit uncontested motions to be presented to court administration, who subsequently forward them to the court for signature. L211(a)(2).[5] It must be noted that L211(a)(2) requires that the moving party must provide timely notice to all other parties. The court granted the *nolle prosequi* on February 22, 2010, without a hearing. The defendant did not file a motion for reconsideration which would have provided the court with an opportunity to further investigate the matter and correct the situation, if necessary. The Pennsylvania Superior Court granted the

---

5. Rule L211 (a)(2) is listed under the heading Chapter 2 Local Rules of Civil Procedure, but is commonly applied to uncontested criminal motions as well.

defendant's appeal and remanded this matter to provide this court with an opportunity to hold an evidentiary hearing regarding the motion for *nolle prosequi*. A hearing was originally scheduled for December 21, 2010, but was required to be continued. On January 7, 2011, this court held an evidentiary hearing on the motion.

The defendant now claims that the commonwealth's motion for *nolle prosequi* should not have been granted as the commonwealth nolle prossed the charges in order to circumvent Pa.R.Crim.P. 600.

42 Pa.C.S.A. § 8932 states, "After the commencement of a criminal matter by the filing of an information or otherwise, the district attorney shall not enter a *nolle prosequi* or dispose of the matter or discharge a prisoner from custody by means of a proceeding in lieu of a plea or trial without having obtained the approval of the court." Furthermore, the Pennsylvania Rules of Criminal Procedure explain, "(A) Upon motion of the attorney for the commonwealth, the court may, in open court, order a *nolle prosequi* of one or more charges notwithstanding the objection of any person." Pa.R.Crim.P. 585. Historically, a prosecutor had the authority to enter a *nolle prosequi* on his or her own motion; however, that procedure has been altered to require the commonwealth to obtain assent from the court. *Commonwealth v. Stivala*, 645 A.2d 257, 261 (Pa. Super. 1994). The court must consider the following two factors when deciding whether to grant a *nolle prosequi*: "(1) is the reason given by the commonwealth for requesting the *nolle prosequi* valid and reasonable, and (2) does the defendant, at the time the *nolle prosequi* is requested, have a valid speedy trial claim?" *Commonwealth v. Reinhardt*, 466 Pa. 591, 597, 353 A.2d 848, 852 (1976) (citing *Commonwealth v. Leaming*, 442 Pa. 223, 275 A.2d 43 (1971); *Commonwealth v. DiPasquale*, 431 Pa. 536,

246 A.2d 430 (1968)). Hence, the court must consider the reasons given by the commonwealth and there must be a reasonable basis for the *nolle prosequi* motion. *Commonwealth v. Rega*, 856 A.2d 1242, 1245 (Pa. Super. 2004) (citing *Reinhardt*, Supra.). The decision to grant or deny a motion for *nolle prosequi* lies within the sound discretion of the trial court and its action will not be reversed unless there is an abuse of discretion. *DiPasquale*, 431 Pa. at 542, 246 A.2d at 433 (citing *Bierstein v. Whitman*, 355 Pa. 515, 50 A.2d 334 (1947); *Anderson v. Guerrein, etc., Co. et al.*, 346 Pa. 80, 29 A.2d 682 (1943)). The *Reinhardt* court has explained the procedure for a *nolle prosequi* as follows:

> A motion for *nolle prosequi* is treated like any other motion: one side presents the motion to the court; both sides argue the merits of the requested motion; the court considers the merits of their arguments; and the trial court issues a ruling. The rule in no way bars the presentation of objections by the defendant nor does it direct the trial court to ignore those objections. It merely states that the defendant's objection is not dispositive of the issue. *Reinhardt*, 466 Pa. at 597, 353 A.2d at 851.

Therefore, the commonwealth must present the reasons for requesting the *nolle prosequi* and the defendant has the right to present its objections. The court will then determine whether there is a reasonable basis to grant the *nolle prosequi*.

In the current case, the commonwealth presented several reasons for seeking the *nolle prosequi* and refiling the charges. First, District Attorney Lamancusa disagreed with the withdrawal of the charge of possession with the intent to deliver a controlled substance as it involved 6.8

grams of crack cocaine. The affiant in this matter, Sergeant Robert Salem, was also in favor of refiling the charges. Moreover, the commonwealth claims that it would not gain any additional benefits from obtaining a *nolle prosequi* and refiling the charges other than being granted the opportunity to assert the charge of possession with the intent to deliver a controlled substance. Next, Assistant District Attorney Shaffer explained that the commonwealth could not properly reprimand the defendant for his actions without the charge of possession with the intent to deliver a controlled substance for his possession of 6.8 grams of crack cocaine. These are compelling reasons for the commonwealth to seek a *nolle prosequi* in an attempt to refile the charges to include possession with the intent to deliver a controlled substance. The defendant was originally charged with possession of a significant quantity of crack cocaine, but that charge was withdrawn in exchange for the defendant's waiver of his right to a preliminary hearing through an agreement made with an assistant district attorney under the supervision of then District Attorney Bongivengo. The current district attorney decided that the charge was necessary to properly reprimand the defendant due to the amount of crack cocaine discovered in his possession. Additionally, the defendant is permitted to assert his right to a preliminary hearing upon the refiling of the charges, if he chooses to do so, which will not deny him the benefit of the agreement he made previously to waive his rights.

Furthermore, the defendant does not currently have a valid speedy trial claim as the defendant was free on $5,000.00 bond, which was posted on September 8, 2009. The commonwealth had 365 days from filing of the criminal complaint to commence trial against the defendant. Pa.R.Crim.P. 600. The criminal complaint

in this case was dated August 19, 2009. The defendant then filed two continuances for the call of the trial list on January 4, 2010, and February 1, 2010. Those continuances delayed the tolling of Rule 600 for two months. The commonwealth's notice of *nolle prosequi* and the court order granting the motion for *nolle prosequi* were filed on February 22, 2010. The defendant filed his appeal of that order on March 2, 2010. Thus, Rule 600 would have originally expired in November of 2010, which was approximately nine months after the *nolle prosequi* was entered. Additionally, the defendant will have an opportunity to assert any Pa.R.Crim.P. 600 claim, if warranted, when the charges are refiled because the commonwealth is not permitted to circumvent Rule 600 by merely being granted a *nolle prosequi* and refiling the charges. *Commonwealth v. Whitaker*, 467 Pa. 436, 442-443, 359 A.2d 174, 176-177 (1976).

The commonwealth has presented the court with valid reasons for requesting the *nolle prosequi* and the defendant is unable to establish that he had a valid Rule 600 claim resulting from the entry of the *nolle prosequi*. For the reasons set forth in this opinion, the court's decision to grant the commonwealth's motion for *nolle prosequi* should be affirmed.

## ORDER OF COURT

Now, January 26, 2011, an appeal having been filed in the above-captioned case by the defendant, Aaron Lamont Keys, the court directs that the attached opinion be filed to satisfy the requirements of Pa.R.A.P. 1925(a). The clerk of courts of Lawrence County is directed to immediately assemble the record and transmit said record to the Superior Court of Pennsylvania as required by the applicable rules of appellate procedure.

The clerk of courts is directed to serve a copy of this order of court upon counsel of record, Diane Shaffer, Esquire and Stanley T. Booker, Esquire.