**COMMONWEALTH of Pennsylvania,
Appellee,**

v.

**Robert Gene REGA, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 12, 2004.

Filed Aug. 23, 2004.

George N. Zanic, Huntingdon, for appellant.

Jeffrey D. Burkett, Asst. Dist. Atty., Brookville, for Com., appellee.

BEFORE: LALLY–GREEN, GANTMAN, and CAVANAUGH,* JJ.

OPINION BY GANTMAN, J.:

¶ 1 Appellant, Robert Gene Rega, asks us to determine whether the trial court erred when it granted the Commonwealth's motion for *nolle prosequi* without prejudice and without giving him notice or an opportunity to be heard. We hold Appellant must be given notice and an opportunity to oppose the Commonwealth's motion for *nolle prosequi*. Accordingly, we vacate the court's order granting the *nolle prosequi*, and remand the matter for a hearing on the Commonwealth's motion.

¶ 2 The relevant facts and procedural history of this appeal are as follows. In 2001, Appellant was charged with numerous felonies in five separately filed criminal complaints. On June 21, 2002, a jury convicted Appellant of crimes alleged in the first criminal complaint, including first degree murder,[2] robbery,[3] and burglary.[4] On May 6, 2003, Appellant was convicted of multiple counts of sex crimes alleged in

* Judge Cavanaugh did not participate in this decision.

2. 18 Pa.C.S.A. § 2502(a).

3. 18 Pa.C.S.A. § 3701.

4. 18 Pa.C.S.A. § 3502.

the second criminal complaint, including rape [5] and involuntary deviate sexual intercourse.[6] The Commonwealth subsequently filed a motion for *nolle prosequi* of the remaining criminal charges pending against Appellant, before any of these charges went to trial. The trial court granted this motion by order dated June 30, 2003. Appellant filed a direct appeal, challenging the trial court's order granting the Commonwealth's motion for *nolle prosequi*. Appellant's counsel filed a petition to withdraw as counsel and a "no merit" letter with this Court.[7] Because this matter was on direct appeal from an order granting the Commonwealth's motion for *nolle prosequi*, and in his "no-merit" letter, counsel argued against Appellant explaining why the appeal deserved no relief, we concluded counsel had failed to comply with the applicable *Anders/McClendon* requirements.[8] Accordingly, we denied counsel's petition to withdraw and remanded with directions to counsel to file either an advocate's brief on Appellant's behalf, or a brief in full compliance with *Anders* and *McClendon*, with an accompanying motion to withdraw. Following remand, counsel filed an advocate's brief. We now proceed with the merits of Appellant's appeal.

¶ 3 Appellant raises one issue for our review:

> DID THE HONORABLE TRIAL COURT ABUSE ITS DISCRETION IN GRANTING THE COMMONWEALTH'S MOTION FOR *NOLLE PROSEQUI* WITHOUT PREJUDICE WHERE [APPELLANT'S] RIGHT TO A SPEEDY TRIAL IS THEREBY JEOPARDIZED?

(Appellant's Brief at 4).

¶ 4 The grant of a petition for *nolle prosequi*, "lies within the sound discretion of the [trial] Court, and its action will not be reversed in the absence of an abuse of discretion." *Commonwealth v. Stivala*, 435 Pa.Super. 176, 645 A.2d 257, 261 (1994), *appeal denied*, 540 Pa. 581, 655 A.2d 513 (1994) (quoting *Commonwealth v. DiPasquale*, 431 Pa. 536, 541, 246 A.2d 430, 432 (1968)).

> Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration.

*Commonwealth v. Krick*, 164 Pa.Super. 516, 67 A.2d 746, 749 (1949). "Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or [rules] in a manner lacking reason." *Coolbaugh v. Com., Dept. of Transp.*, 816 A.2d 307, 310 (Pa.Super.2003).

¶ 5 Appellant contends the Commonwealth failed to proffer a reason for its *nolle prosequi* motion. Appellant also alleges the court should not have inferred a reason on the Commonwealth's behalf, the Commonwealth's motion should have been addressed in open court, and Appellant was precluded from presenting his speedy trial claims. Furthermore, Appellant avers the court has given the Commonwealth an indefinite time in which it can refile the

---

**5.** 18 Pa.C.S.A. § 3121.

**6.** 18 Pa.C.S.A. § 3123.

**7.** Appellant's counsel submitted a "no merit" letter, purportedly pursuant to *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley*, 379 Pa.Super. 390, 550 A.2d 213 (1988) (*en banc*).

**8.** *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981), whereby counsel seeking to withdraw on direct appeal must afford the defendant competent representation, and not argue against his client's interests.

charges against him, in abrogation of his right to a speedy trial. Appellant concludes the court erred and abused its discretion in this matter, and the order granting the Commonwealth's motion should be vacated. For the following reasons, we agree.

■ ¶ 6 As a prefatory matter, we note an order granting the Commonwealth's motion for *nolle prosequi* of pending charges is generally interlocutory.[9] Nevertheless, such an order is immediately appealable under the combined authority of Pa.R.Crim.P. 585 (providing, "Upon motion of the attorney for the Commonwealth, the court may, in open court, order a *nolle prosequi* of one or more charges notwithstanding the objection of any person"); Pa.R.A.P. 311(a)(8) (stating, "An appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from:...(8) *Other Cases.* An order which is made appealable by statute or general rule."); and *Commonwealth v. Reinhart,* 466 Pa. 591, 353 A.2d 848 (1976), *cert. denied,* 429 U.S. 886, 97 S.Ct. 238, 50 L.Ed.2d 167 (1976) (holding order granting Commonwealth's motion for *nolle prosequi* over defendant's objection is immediately appealable).[10]

■ ¶ 7 This present case involves the interpretation and application of Rule 585 which provides in pertinent part:

**Rule 585. *Nolle Prosequi***

(A) Upon motion of the attorney for the Commonwealth, the court may, in open court, order a *nolle prosequi* of one or more charges notwithstanding the objection of any person.

Pa.R.Crim.P. 585(A). Our Supreme Court has stated:

[T]here are two factors to be considered when a request for a *nolle prosequi* is made: (1) is the reason given by the Commonwealth for requesting the *nolle prosequi* valid and reasonable, **and** (2) does the defendant, at the time the *nolle prosequi* is requested, have a valid speedy trial claim?

*Reinhart, supra* at 599–600, 353 A.2d at 853 (emphasis added). Moreover, when a court considers a motion for *nolle prosequi,* it should afford both parties an opportunity to "argue the merits" of the motion. *Id.* at 597, 353 A.2d at 851–52.

■ ¶ 8 To date, Pennsylvania law has not answered the question of whether a court can *sua sponte* supply a reason for a requested *nolle prosequi.* Examining the first prong of the *Reinhart* test, we note the Commonwealth did not offer the court any reason for the requested *nolle prosequi.* The Commonwealth simply insists on appeal that the trial court has the discretion to infer justification and, in fact, the court correctly guessed the Commonwealth's motivation. Nevertheless, *Reinhart, supra* requires the court to consider the reason **given by the Commonwealth,** not to intuit or infer one to justify the court's action. *See id.* Accordingly, we hold the Commonwealth must give the court a reasonable basis for a *nolle prosequi* motion. *Id.*

■ ¶ 9 Next, we will focus our attention on the second prong of the *Reinhart* test; namely, whether Appellant had a valid speedy trial claim at the time the

---

**9.** The interlocutory nature of the present order derives from the fact that the order granted the Commonwealth's motion for *nolle prosequi* **without prejudice.**

**10.** "A *nolle prosequi* is a voluntary withdrawal by the prosecuting attorney of proceedings on a particular bill or information, which can at anytime be retracted to permit revival of proceedings on the original bill or information." *Commonwealth v. Whiting,* 509 Pa. 20, 22–23, 500 A.2d 806, 807 (1985).

*nolle prosequi* was granted. Rule 600 sets forth the speedy trial requirements and provides in pertinent part:

### Rule 600.   Prompt Trial

\* \* \*

(A)(2) Trial in a court case in which a written complaint is filed against the defendant, when the defendant is incarcerated on that case, shall commence no later than 180 days from the date on which the complaint is filed.

(3) Trial in a court case in which a written complaint is filed against the defendant, when the defendant is at liberty on bail, shall commence no later than 365 days from the date on which the complaint is filed.

\* \* \*

(C) In determining the period for commencement of trial, there shall be excluded therefrom:

(1) the period of time between the filing of the written complaint and the defendant's arrest, provided that the defendant could not be apprehended because his or her whereabouts were unknown and could not be determined by due diligence;

(2) any period of time for which the defendant expressly waives Rule 600;

(3) such period of delay at any stage of the proceedings as results from:

　(a) the unavailability of the defendant or the defendant's attorney;

　(b) any continuance granted at the request of the defendant or the defendant's attorney.

\* \* \*

(E) No defendant shall be held in pretrial incarceration on a given case for a period exceeding 180 days excluding time described in paragraph (C) above. Any defendant held in excess of 180 days is entitled upon petition to immediate release on nominal bail.

(F) Nothing in this rule shall be construed to modify any time limit contained in any statute of limitations.

(G) For defendants on bail after the expiration of 365 days, at any time before trial, the defendant or the defendant's attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this rule has been violated. A copy of such motion shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon.

If the court, upon hearing, shall determine that the Commonwealth exercised due diligence and that the circumstances occasioning the postponement were beyond the control of the Commonwealth, the motion to dismiss shall be denied and the case shall be listed for trial on a date certain.

\* \* \*

Pa.R.Crim.P. 600. Rule 600 generally requires the Commonwealth to bring an incarcerated defendant to trial within 180 days of the date the complaint was filed. Pa.R.Crim.P. 600(A)(2). Generally, a defendant who is incarcerated beyond 180 days before trial is entitled upon petition to immediate release on nominal bail. Pa. R.Crim.P. 600(E). Further, any defendant on bail must be brought to trial within 365 days of the date the complaint was filed. Pa.R.Crim.P. 600(A)(3). Any defendant on bail after 365 days but before trial may apply to the court for an order dismissing the charges with prejudice. Pa.R.Crim.P. 600(G).

¶ 10 Excluded from the time for commencement of trial are any periods during which the defendant was unavailable, including any continuances the defendant requested and any periods for which he ex-

pressly waived his rights under Rule 600. Pa.R.Crim.P. 600(C). If the defendant has not been brought to trial within 365 days, the court may still deny a defense request for dismissal, where the court determines the Commonwealth has exercised due diligence and "the circumstances occasioning the postponement were beyond the control of the Commonwealth." Pa.R.Crim.P. 600(G).

¶ 11 In the instant case, the criminal complaints at issue were filed on May 10, 2001,[11] and June 11, 2001.[12] On the 180th day after the filing of these complaints, Appellant was incarcerated and awaiting trial on independent charges of first degree murder; he was not eligible for bail on the first-degree murder charges. *See Commonwealth v. Hill,* 558 Pa. 238, 736 A.2d 578 (1999) (citing Article I, section 14 of the Pennsylvania Constitution; *Commonwealth v. Spence,* 534 Pa. 233, 243 n. 3, 627 A.2d 1176, 1181 n. 3 (1993); *Commonwealth v. Martorano,* 535 Pa. 178, 185, 634 A.2d 1063, 1066 (1993)) (stating defendant charged with capital crime is not eligible to be released from pretrial incarceration on bail). Further, because Appellant was incarcerated on independent charges, the Commonwealth had 365 days to bring him to trial on the separate charges underlying the docket numbers at issue in the present appeal. *See Commonwealth v. Nauss,* 421 Pa.Super. 220, 617 A.2d 805, 807 (1992), *appeal denied,* 535 Pa. 616, 629 A.2d 1378 (1993) (holding Commonwealth had 365 days to try defendant who was already incarcerated and serving life sentence on separate charge).

¶ 12 Adding 365 days to the dates the subject complaints were filed yields mechanical run dates of May 10, 2002 and June 11, 2002, correspondingly. Appellant requested a series of continuances that yielded adjusted run dates of August 20, 2002 and September 3, 2002. As of August 20, 2002 and September 3, 2002, Appellant had valid speedy trial claims on the complaints at issue. On January 9, 2003, Appellant obtained another continuance until the May 2003 term. Assuming this continuance expired at the latest on June 1, 2003, Appellant still had speedy trial claims on all three complaints when the Commonwealth asked for and was granted a *nolle prosequi* without prejudice on June 30, 2003. The *nolle prosequi* without prejudice effectively precluded Appellant from asserting his speedy trial claims.

¶ 13 Significantly, Rule 585 specifies that a *nolle prosequi* if ordered must be "in open court." *See* Pa.R.Crim.P. 585(A). The record reveals no indication that Appellant had notice of the Commonwealth's motion, or that the motion was considered in open court. In fact, the motion appears to have been presented to the court before it was even filed. Appellant should have been given an opportunity to contest the merits of the motion and present his speedy trial claims. *See id.* Accordingly, we make no determination regarding the court's decision on the motion. Instead, we remand the matter to the trial court for further proceedings.

¶ 14 Based upon the foregoing, we hold the trial court did not act in conformity with *Reinhart, supra* and failed to follow proper procedure, when it granted the Commonwealth's motion for *nolle prosequi,* without affording Appellant notice and an opportunity to argue the merits of the Commonwealth's request. *See Krick, supra.* Appellant must be given notice and an opportunity to oppose any Commonwealth motion for *nolle prosequi. See* Pa. R.Crim. P. 585(A). Accordingly, we vacate the court's order and remand the matter for further proceedings.

---

**11.** 28–2001CR.

**12.** 173 and 175–2001CR.

¶ 15 Order vacated; case remanded. Jurisdiction is relinquished.