J-S42004-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALPHONSO VAUGHN | : | |
| | : | |
| Appellant | : | No. 1855 MDA 2017 |

Appeal from the PCRA Order November 16, 2017
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0000391-2013

BEFORE:   BOWES, J., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY BOWES, J.:                **FILED SEPTEMBER 19, 2018**

Alphonso Vaughn appeals *pro se* from the order that denied his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

This Court offered the following history of this case in a prior appeal.

On February 12, 2013, a confidential informant ("C.I.") working with police purchased three bags of heroin from Appellant in his home at 1201 Capouse Avenue in Scranton.  The police officers then had the C.I. arrange to purchase 50 bags of heroin from Appellant.  Appellant scheduled that sale for the next day.

Based on Appellant's February 12 sale to the C.I. and the sale scheduled for the following day, detectives obtained a search warrant for Appellant's room inside 1201 Capouse Avenue.  During the execution of the search warrant, Appellant charged at police, who then subdued him with a Taser.  One of the detectives then asked Appellant if he had any drugs on him, to which he responded that he had heroin in his pocket.  Police recovered 62 bags of heroin and $258 cash from Appellant's person, $10 of which was prerecorded buy money used by the C.I. to purchase heroin from Appellant the previous day.

Appellant was arrested and charged with one count each of PWID, conspiracy to commit PWID, simple possession, possession

_____

*   Retired Senior Judge assigned to the Superior Court.

of drug paraphernalia, and resisting arrest. At Appellant's preliminary hearing, although the C.I. did not testify, one of the investigating detectives testified about the entire factual scenario that led up to and included Appellant's arrest.

On June 5, 2013, Appellant filed a pre-trial motion to compel the disclosure of the identity of the C.I. The trial court denied the motion, noting that the Commonwealth (1) had not charged Appellant with the February 12, 2013 drug transaction; and (2) was not planning to present the C.I.'s testimony at trial because she had not been present during the execution of the search warrant on February 13, 2013.

On June 9, 2014, the Commonwealth altered course and filed a motion to amend the information seeking to replace the conspiracy to commit PWID charge and instead charge Appellant with one count of PWID[1] in connection with the February 12, 2013 sale to the C.I. In the event the trial court denied its motion to amend, the Commonwealth also filed a motion *in limine* to admit the C.I.'s testimony about the February 12, 2013 drug transaction that formed the basis of the search warrant, pursuant to Pa.R.E. 404(b). The trial court granted both motions, noting that there was "no difference in the facts . . . in terms of the facts surrounding the search warrant and the information. . . ."

The trial court also granted Appellant a 21-day continuance in order to: (1) allow the Commonwealth to provide Appellant with information about the C.I.'s identity and criminal history; (2) permit Appellant additional time to investigate the C.I.; and (3) provide ample time for Appellant to reevaluate his trial strategy "because it changed the whole strategy of [his] defense."

At his jury trial, Appellant represented himself. The C.I. testified on behalf of the Commonwealth. On July 8, 2014, the jury convicted Appellant of all charges. On direct appeal, this Court vacated Appellant's judgment of sentence and remanded for a new trial after concluding that Appellant's Pa.R.Crim.P. 121 waiver colloquy had been deficient.

_____

[1] As we discuss *infra*, the amendment actually was to substitute a count of delivery of a controlled substance for the conspiracy count, not to add a second PWID count in the place of the conspiracy count.

On October 15, 2015, a second trial proceeded, with Appellant again representing himself. The C.I. again testified. The jury again convicted Appellant of all charges. On November 18, 2015, the trial court imposed an aggregate term of 110 to 300 months' imprisonment. After the trial court appointed counsel at Appellant's request, Appellant filed a timely Notice of Appeal.

*Commonwealth v. Vaughn*, 159 A.3d 59 (Pa.Super. 2016) (unpublished memorandum at 1-3) (citations, footnote, and unnecessary capitalization omitted).

On appeal, Appellant contended that the trial court erred in allowing the Commonwealth to amend the criminal information, as it deprived him of adequate time to prepare his defense. He also argued that the trial court erred under Pa.R.E. 404(b) in allowing the C.I. to testify. *Id*. at 4. This Court determined that neither issue was meritorious and affirmed his judgment of sentence. *Id*.

On December 16, 2016, Appellant *pro se* filed the timely PCRA petition that is the subject of this appeal. The trial court held a hearing regarding the appointment of counsel at which Appellant again opted to waive his right and proceed *pro se*. Order, 4/18/17. Appellant subsequently supplemented his petition, and the Commonwealth filed a response. Upon review of the pleadings, the trial court dismissed Appellant's petition in part, as two of the issues raised were previously litigated on direct appeal; Appellant agreed that dismissal of those claims was proper. *See* N.T. PCRA Hearing, 8/25/17, at 2.

A hearing was held on August 25, 2017, with standby counsel present, to address Appellant's remaining PCRA claims: (1) direct appeal counsel was

ineffective in litigating the issue of the amendment of the criminal information; (2) direct appeal counsel was ineffective in failing to challenge the Commonwealth's *nolle pros*[2] of the conspiracy charge without court approval; and (3) his sentence is illegal because the two counts of PWID based upon the same criminal act merged. **See id**. at 15, 18-21, 23-25, 36, 62. By order of November 16, 2017, the PCRA court denied Appellant's petition.

Appellant filed a timely notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925. In his brief, Appellant poses nine questions to this Court. Appellant's brief at iv. However, in the argument section, Appellant advocates only three: (1) the trial court erred in allowing the Commonwealth to *nolle pros* the conspiracy charge without seeking trial court approval; (2) direct appeal counsel was ineffective in failing to raise the *nolle pros* issue; and (3) his sentence is illegal. **Id**. at 1, 6, 7. We shall limit our review to the issues for which Appellant has offered developed argument. **See Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1262 (Pa.Super. 2014) (*en banc*) ("The Pennsylvania Rules of Appellate Procedure require that each question an appellant raises be supported by discussion and analysis of pertinent authority, and failure to do so constitutes waiver of the claim.").

---

[2] "A *nolle prosequi* [or "*nolle pros*"] is a voluntary withdrawal by the prosecuting attorney of proceedings on a particular bill or information, which can at anytime be retracted to permit revival of proceedings on the original bill or information." **Commonwealth v. Rega**, 856 A.2d 1242, 1247 n.10 (Pa.Super. 2004) (quoting **Commonwealth v. Whiting**, 500 A.2d 806, 807 (Pa. 1985)).

We begin with legal principles relevant to the issues Appellant argues. "When reviewing the denial of a PCRA petition, our standard of review is limited to examining whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error." *Commonwealth v. Jordan*, 182 A.3d 1046, 1049 (Pa.Super. 2018).

"To be entitled to PCRA relief, a petitioner bears the burden of establishing, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2)[.]" *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015). Those circumstances include constitutional violations, ineffective assistance of counsel, and an unlawful sentence. 42 Pa.C.S. § 9543(a)(2)(i), (ii), (vii). However,

> PCRA relief is not available for alleged errors raised in a PCRA petition that have been previously litigated or waived. An issue has been previously litigated if the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue. In addition, a PCRA claim is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post-conviction proceeding.

*Jordan*, *supra* at 1049–50 (cleaned up).

Appellant's first claim, that the Commonwealth should not have been able to *nolle pros* the conspiracy claim without trial court approval, could have been raised on direct appeal but was not. Accordingly, the claim is not reviewable under the PCRA. *See id*; *see also Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 780 (Pa.Super. 2015) (*en banc*) ("At the PCRA

stage, claims of trial court error are either previously litigated (if raised on direct appeal) or waived (if not).").

However, the issue may be addressed as part of a claim of ineffective assistance of counsel. ***Reyes-Rodriguez***, ***supra*** at 780. With his second issue, Appellant does contend that his direct appeal counsel was ineffective in failing to make the *nolle-pros* argument. We thus address that claim pursuant to the following legal tenets.

> Counsel is presumed effective, and in order to overcome that presumption a PCRA petitioner must plead and prove that: (1) the legal claim underlying the ineffectiveness claim has arguable merit; (2) counsel's action or inaction lacked any reasonable basis designed to effectuate petitioner's interest; and (3) counsel's action or inaction resulted in prejudice to petitioner.

***Mason***, ***supra*** at 618. Failure to establish any prong of the test defeats the claim. ***Id***.

The underlying claim which Appellant maintains that counsel should have argued on his appeal is that the dismissal of the conspiracy count included in the original criminal information was not done by the trial judge in open court as required by Pa.R.Crim.P. 585(A) ("Upon motion of the attorney for the Commonwealth, the court may, in open court, order a *nolle prosequi* of one or more charges notwithstanding the objection of any person."). Appellant's brief at 1-6.

The purpose of Rule 585 is to give the defendant notice and an opportunity to oppose a motion for *nolle pros*. ***Commonwealth v. Rega***, 856 A.2d 1242, 1247 (Pa.Super. 2004). The reason a defendant might

oppose charges against him being withdrawn is that a *nolle pros* is a withdrawal of charges without prejudice. **See**, **e.g.**, **Commonwealth v. Goldman**, 70 A.3d 874, 878 (Pa.Super. 2013) ("A *nolle prosequi* may be lifted 'at any time in the future,' on appropriate motion, to revive the original charges."). Since *nolle-prossed* counts may be revived in the future, the following two considerations apply in ruling upon a *nolle pros* motion: whether the Commonwealth has a valid and reasonable basis for the request, and whether the defendant has a valid speedy trial claim. **Rega**, **supra** at 1245 (citing **Commonwealth v. Reinhart**, 353 A.2d 848 (Pa. 1976)).

Here, the Commonwealth did not file a motion to *nolle pros* the conspiracy charge under Rule 585. Rather, it sought to amend the information, pursuant to Rule 564, to substitute a delivery count for the conspiracy count. **See** Commonwealth's Pretrial Motion, 6/9/14, at 5-6. Appellant had notice of the motion, and opposed the substitution of delivery for conspiracy in open court. **See** N.T., 6/16/14, at 17-19. The trial court granted the motion in open court. **Id**. at 17. Further, this Court held that the leave to amend was properly granted. **Vaughn**, **supra** (unpublished memorandum at 9-10).

Moreover, the case against Appellant based upon his possession and sale of heroin in Lackawanna County on February 12-13, 2013 is complete. Appellant simply does not face revival of the original conspiracy count at a

later date.[3]  As such, the record does not support a viable claim based upon Rule 585, and direct appeal counsel was not ineffective in failing to raise a Rule 585 claim.  **Commonwealth v. Koehler**, 36 A.3d 121, 144 (Pa. 2012) ("[C]ounsel cannot be deemed ineffective for failing to pursue a meritless claim.").  Appellant's second issue warrants no relief from this Court.

Appellant's final argument is that he is serving an illegal sentence. Specifically, Appellant contends that he was given two sentences for PWID based upon a single act, in violation of double jeopardy.  Appellant's brief at 8-9.

Appellant's claim is factually unsupported.[4]  It is clear from the record that it was a charge of delivery, not an instance of PWID, that was substituted for the conspiracy charge as a result of the Commonwealth's amendment.

---

[3] Thus, even if the dismissal of the conspiracy count was a *nolle pros* in violation of Rule 585, the issue is moot because Appellant's judgment of sentence is final and the Commonwealth never sought to revive that count.

[4] Appellant appears to base this line of attack upon this Court's indication in the memorandum disposing of his direct appeal that a second PWID count, rather than a delivery count, was substituted for the conspiracy count when the information was amended.  **See** N.T. PCRA Hearing, 8/25/17, at 24-31, 36-37.  He is correct that this Court misidentified the second count at times when relaying the facts of the case.  **See**, **e.g.**, **Vaughn**, **supra** (unpublished memorandum at 1) ("Appellant . . . appeals from the judgment of sentence entered . . . following his conviction by a jury of two counts of possession of a controlled substance with intent to deliver . . . .") (unnecessary capitalization omitted).  However, it was clear from this Court's discussion that the count added by the grant of the Commonwealth's motion for leave to amend was for the actual sale of heroin to the C.I., not the possession of heroin with the intent to deliver it to someone in the future.  **See id**. (unpublished memorandum at 9).

*See* Amended Information, 9/17/15, at 1 (listing PWID as count one and delivery of a controlled substance as count two). Further, the jury was instructed on, and found Appellant guilty of delivery. *See* N.T. Trial, 10/15/15, at 86-87; Verdict Slip, 10/15/15.

Based upon the facts indicated by the record, Appellant's claim lacks merit. The Commonwealth's amendment of the information to add the delivery count did allege a second violation of the same criminal statute as the original PWID count, namely 35 P.S. § 780-113(a)(30). Subsection (a)(30) prohibits "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act. . . ." *Id*.

"The crime of possession with the intent to deliver similarly has been recognized to be a lesser included offense of the crime of delivery of a controlled substance." *Commonwealth v. Eicher*, 605 A.2d 337, 353 (Pa.Super. 1992). However, where additional facts demonstrate the commission of a second crime, the crimes do not merge for sentencing purposes. The *Eicher* decision provides an apt illustration of this concept.

In that case, Eicher was convicted of both delivery and PWID in connection with 7.1 grams of cocaine sold to an undercover officer on May 17, 1989. Those two convictions merged for sentencing purposes because the "possession with the intent to deliver and the delivery of the identical substance arose out of the same transaction and all were premised on the

same set of facts." *Id*. Eicher was also convicted of a second count of PWID based upon the possession of 74.74 grams of cocaine subsequently found at Eicher's residence pursuant to a search warrant. That conviction "arose out of a completely different set of additional facts which were unrelated to and which were unnecessary to sustain appellant's delivery conviction." *Id*. Thus, the PWID conviction based upon the 74.74 grams did not merge with the conviction for delivery of the initial 7.1 grams to the officer.

In the instant case, Appellant's second alleged violation of subsection (a)(30) was based upon his delivery of three bags of heroin to the C.I. on February 12, 2013. The original count alleging violation of subsection (a)(30) related to Appellant's possession of sixty-two bags of heroin on the following day when the police executed the warrant obtained as a result of his interaction with the C.I. Just as in *Eicher*, Appellant's conviction for PWID based upon his possession of sixty-two bags of heroin on February 13, 2013, arose out of a completely different set of additional facts unnecessary to sustain his conviction for delivery of three bags of heroin to the C.I. the previous day. Hence, under *Eicher*, Appellant's convictions did not merge for sentencing purposes and his sentence is not illegal.

For the reasons stated above, PCRA court properly denied Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 09/19/2018