J-A02003-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRY LEE DIAMOND, JR. | : | No. 532 WDA 2021 |

Appeal from the Order Entered April 27, 2021
In the Court of Common Pleas of Washington County Criminal Division at
No(s):  CP-63-CR-0000437-2020

BEFORE:   OLSON, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED: APRIL 11, 2022**

The Commonwealth of Pennsylvania appeals from the order entered on April 27, 2021, which denied its petition for entry of *nolle prosequi*.  We vacate and remand.

On February 15, 2020, the Commonwealth charged Terry Lee Diamond, Jr. (hereinafter "the Defendant") with a number of crimes, including rape of a mentally disabled person.[1]  **See** Criminal Complaint, 2/15/20, at 3; **see also** Commonwealth's Information, 3/17/20, at 1.  The criminal complaint declared that the complainant, B.A. (hereinafter "the Complainant"), is "a [23-year-old] female who [has been diagnosed with Down Syndrome] and is incapable of

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3121(a)(5).

giving consent" for sexual intercourse. **See** Criminal Complaint, 2/15/20, at 3. Further, the affidavit of probable cause stated:

> [The Complainant] gave the forensic interviewer her account regarding how and where she was sexually assaulted by [the Defendant. The Complainant] began by explaining that [the Defendant] was touching her "privates" and that this incident occurred at [the Defendant's] residence. [The Complainant] further stated that [the Defendant] was touching her hair, arms, body and privates and that she told him "no" and "I told him not to touch me." When the interviewer asked [the Complainant] where [the Defendant] was touching her, she explained that [the Defendant] was touching her butt, her hair, arms, and her "private," and stated that [the Defendant] was touching her inside her "private" while pointing in between her legs. When the interviewer asked [the Complainant] what the condition of her clothes were during the incident, [the Complainant] told the interviewer that her clothes were off and explained that [the Defendant] took her clothes off of her.
>
> During the forensic interview, [the Complainant] told the interviewer that [the Defendant] also touched her "private" with his penis. The interviewer asked [the Complainant] what [the Defendant's] body was doing when his penis was touching her "private," [the Complainant] replied "humping me." [The Complainant] also stated that [the Defendant] pushed too hard inside her "private" with his penis and that it hurt her. [The Complainant] explained that this occurred in [the Defendant's] bedroom downstairs on the floor and that the floor was hurting her back. [The Complainant] also explained to the interviewer that [the Defendant] held her down and would not let her go while he was having sex with her.

Affidavit of Probable Cause, 2/15/20, at 2.

The Commonwealth filed its information against the Defendant on March 17, 2020. Commonwealth's Information, 3/17/20, at 1-2.

In April 2021, the Commonwealth filed a petition to *nolle prosequi* all charges against the Defendant. The petition declared that the Commonwealth sought to *nolle prosequi* the charges for the following reasons:

> Prosecutorial discretion / respect for the [Complainant] and the [Complainant's] mother's desire to not proceed on the charges. They believe withdrawing charges is in the best interest of the [Complainant] given the [Complainant's] unique circumstances and the circumstances of this particular criminal case.

Commonwealth's Petition for *Nolle Prosequi*, 4/27/21, at 1.

The petition declared that the Defendant consented to the entry of *nolle prosequi*. **See id.**

On April 9, 2021, the trial court held oral argument on the Commonwealth's petition. During the argument, the Commonwealth elaborated on the reasons it filed its petition:

> Your Honor, there was a *habeas* and, I believe, also an omnibus [pretrial] motion that was scheduled on a previous Monday. And it was in the nature of a *habeas* and also, I believe, a competency on the eye witness/[Complainant] of this case. And when we had subpoenaed the [Complainant] for that hearing, the [Complainant] and her mother reached out to our office and spoke to a staff member in our office about their unwillingness to come in and participate in that and their desire to drop charges in the best interest of the [Complainant].
>
> I had my officer – I relayed that to the affiant in the case and asked him to reach out to the [Complainant] and the family and speak to the mother of the [Complainant], who's the legal guardian. The [Complainant] suffers from Down [S]yndrome. And the mother had confirmed that that was her wish, that they had moved out of state – or were between moving out of state and coming back, and had moved on and

- 3 -

did not wish to proceed any further in these charges and that they would not appear for the *habeas*.

I then had – when [the officer] informed me of that, I had the chief of our victim/witness unit reach out and confirm all this with them again and also offer services and answer any questions that they may have. And confirm again that that is what they wished and that was what they believed to be in the best interest of the [Complainant].

After having it confirmed again, that's when we filed our motion for *nolle* [*prosequi*], knowing that we were not going to be able to put on any kind of evidence at the *habeas* hearing on that Monday, because our witnesses were not going to show. And the mother, and the [Complainant], as far as we know through the mother, did not wish to proceed any further. And [the mother] believed it would simply just re-traumatize the [Complainant] to have her come in and testify again. She did appear at the preliminary hearing and gave brief testimony there. And so that's why we filed our *nolle* [*prosequi*], Your Honor.

. . .

I can't with any confidence say that [the Complainant] would appear [for trial]. That was one of the main issues that they had told us, she would not appear and participate any further. And in cases like this, obviously they are very serious and they're traumatic; and the mental and emotional well-being of the [Complainant] is obviously very important to us, as well as prosecuting people we believe to have committed these crimes. When the [Complainant] says that they do not want to proceed with the charges because it would not be in their best interest to do so, that's something that we take seriously. And we did have [the chief of our victim/witness unit] try to provide her with an opportunity for counseling and things of that sort, which she did not avail herself of as of yet, although, we will continue to reach out to her and make that offer available to her.

N.T. Oral Argument, 4/9/21, at 3-4 and 8-9 (some capitalization omitted).

On April 27, 2021, the trial court denied the Commonwealth's petition. Within the trial court's accompanying opinion, the trial court did not pass upon the question of whether the Commonwealth's stated reason for requesting the *nolle prosequi* was valid and reasonable. Instead, the trial court explained that it denied the Commonwealth's petition because, it believed, "the Commonwealth [could] sustain a *prima facie* case against the Defendant" even absent the Complainant's testimony at trial. Trial Court Opinion, 4/27/21, at 5.

The Commonwealth filed a timely notice of appeal from the trial court's April 27, 2021 interlocutory order and, within the Commonwealth's notice of appeal, the Commonwealth properly certified that the order "will terminate or substantially handicap the prosecution." Commonwealth's Notice of Appeal, 4/29/21, at 1; **see also** Pa.R.A.P. 311(d).[2] The Commonwealth raises the following claims on appeal:

---

[2] "Certification of pretrial appeals by the Commonwealth [under Pennsylvania Rule of Appellate Procedure 311(d)] is an exception to the requirement that appeals may be taken only from final orders." **Commonwealth v. Cosnek**, 836 A.2d 871, 873 (Pa. 2003). As our Supreme Court has explained, "[w]hen a pretrial motion removes evidence from the Commonwealth's case, only the prosecutor can judge whether that evidence substantially handicaps his ability to prove every essential element of his case. Additionally, only the prosecutor can judge whether he can meet his constitutional burden of proving his case without that evidence." **Id.** at 875 (citations omitted). In following, the Supreme Court has held that the Commonwealth may utilize Rule 311(d) to immediately appeal "a pretrial ruling [that] results in the suppression, preclusion or exclusion of Commonwealth evidence." **Id.** at 877.

1. Did the trial court abuse its discretion in failing to address the validity and reasonableness of the Commonwealth's basis for the *nolle* [*prosequi*]?

2. Did the trial court abuse its discretion by manufacturing an evidentiary reason for the Commonwealth's petition for *nolle* [*prosequi*] and replacing the Commonwealth's given reason of prosecutorial discretion based upon the wishes of the [Complainant] with the court's manufactured reason?

3. Did the trial court abuse its discretion in finding the Commonwealth could sustain a *prima facie* case against the Defendant without an evidentiary hearing?

4. Did the trial court's refusal to grant the Commonwealth's *nolle* [*prosequi*], and thus the trial court's directive to continue the prosecution, violate the separation of powers doctrine by substituting the trial court's own discretion for that of the Commonwealth in the prosecution of a criminal matter?

---

Interlocutory appeals under Rule 311(d) are not limited to orders that grant a defendant's suppression motion. Indeed, in **Commonwealth v. Matis**, the Supreme Court held that Rule 311(d) permits the Commonwealth to immediately appeal "[a]n order denying a motion for a continuance to secure the presence of a necessary witness," as that type of order "has the same practical effect of an order suppressing or excluding evidence." **Commonwealth v. Matis**, 719 A.2d 12, 18 (Pa. 1998).

The case at bar is similar to **Matis**. Here, the Commonwealth attested that its eyewitness – the Complainant – "would not appear and participate any further" in the case and, as a result, the Commonwealth petitioned the trial court for permission to *nolle prosequi* the charges against the Defendant. N.T. Oral Argument, 4/9/21, at 8; Commonwealth's Petition for *Nolle Prosequi*, 4/27/21, at 1. If left undisturbed, the trial court's denial of the Commonwealth's petition would force the Commonwealth to proceed in this case without the testimony of the Complainant. The trial court's order, thus, "has the same practical effect of an order suppressing or excluding evidence." **See Matis**, 719 A.2d at 18. In accordance with our Supreme Court's precedent, we thus have jurisdiction over this appeal.

Commonwealth's Brief at 8 (some capitalization omitted).[3, 4]

"A *nolle prosequi* is a voluntary withdrawal by a prosecuting attorney of proceedings on a particular criminal bill or information, which at [any time] in the future can be lifted upon appropriate motion in order to permit a revival of the original criminal bill or information." **Commonwealth v. Ahearn**, 670 A.2d 133, 135 (Pa. 1996). As our Supreme Court has explained, a "district attorney has a general and widely recognized power to conduct criminal litigation and prosecutions on behalf of the Commonwealth, and to decide whether and when to prosecute, and whether and when to continue or discontinue a case." **Commonwealth v. DiPasquale**, 246 A.2d 430, 432 (Pa. 1968) (some capitalization omitted). Nevertheless, after the filing of the criminal information, the district attorney is not permitted to enter a *nolle prosequi* "without having obtained the approval of the court." 42 Pa.C.S.A. § 8932. Pennsylvania Rule of Criminal Procedure 585 further provides: "[u]pon motion of the attorney for the Commonwealth, the court may, in open court, order a *nolle prosequi* of one or more charges notwithstanding the objection of any person." Pa.R.Crim.P. 585(A).

_____

[3] For ease of discussion, we have re-numbered the Commonwealth's claims on appeal.

[4] The Defendant "concurs with the analysis of [the Commonwealth on appeal] and adopts [its appellate] argument in full." The Defendant's Response, 10/22/21, at 1.

The "grant or refusal of a petition for *nolle pros* . . . lies within the sound discretion of the lower court, and its action will not be reversed in the absence of an abuse of discretion." ***DiPasquale***, 246 A.2d at 432 (some capitalization omitted). Regarding the "abuse of discretion" standard, our Supreme Court has explained:

> The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013) (citations and some quotation marks omitted).

Although the trial court is granted discretion in determining whether to grant or deny the Commonwealth's petition for *nolle prosequi*, our Supreme Court has held: "there are two factors to be considered when a request for a *nolle prosequi* is made: (1) is the reason given by the Commonwealth for requesting the *nolle prosequi* valid and reasonable, and (2) does the defendant, at the time the *nolle prosequi* is requested, have a valid speedy trial claim?" ***Commonwealth v. Reinhart***, 353 A.2d 848, 853 (Pa. 1976) (footnotes omitted). The parties and the trial court agree that the Defendant's speedy trial rights are not implicated in this case. Therefore, under our

Supreme Court's precedent, the trial court was obligated to determine whether "the reason given by the Commonwealth for requesting the *nolle prosequi* [was] valid and reasonable." ***See id.*** In considering this factor, the trial court was "require[d] . . . to consider the reason **given by the Commonwealth**, not to intuit or infer [a reason] to justify the court's action." ***Commonwealth v. Rega***, 856 A.2d 1242, 1245 (Pa. Super. 2004) (emphasis in original).

As explained above, the trial court in this case failed to consider whether "the reason given by the Commonwealth for requesting the *nolle prosequi* [was] valid and reasonable" and, instead, mistakenly supplied its own reason to deny the Commonwealth's petition. To be sure, the Commonwealth sought to *nolle prosequi* the charges for the following reasons:

> Prosecutorial discretion / respect for the [Complainant] and the [Complainant's] mother's desire to not proceed on the charges. They believe withdrawing charges is in the best interest of the [Complainant] given the [Complainant's] unique circumstances and the circumstances of this particular criminal case.

Commonwealth's Petition for *Nolle Prosequi*, 4/27/21, at 1.

Instead of determining whether the Commonwealth's stated reason for requesting the *nolle prosequi* was valid and reasonable, the trial court denied the Commonwealth's petition because, it believed, "the Commonwealth [could] sustain a *prima facie* case against the Defendant" even absent the Complainant's testimony at trial. Trial Court Opinion, 4/27/21, at 5. Respectfully, the denial of the Commonwealth's petition on a basis that the

- 9 -

trial court supplied is contrary to the law and, thus, constitutes an abuse of discretion.[5] *See Rega*, 856 A.2d at 1245. We note that the reason tendered by the trial court for denying the Commonwealth's petition turned almost entirely upon the trial court's view of the evidence, not on an assessment of the explanation proffered by the prosecutor. The record is devoid of evidence of steps taken by the trial court to ascertain the desires and objectives of the complainant and her guardian/mother, to assess whether those aims align with the grounds for withdrawal offered by the Commonwealth, and, if so, to consider whether those grounds were reasonable under the circumstances. We must, therefore, vacate the trial court's order and remand this case to the trial court, so that it may determine, in the first instance, whether "the reason given by the Commonwealth for requesting the *nolle prosequi* [is] valid and reasonable." *See Reinhart*, 353 A.2d at 853.

Order vacated. Case remanded. Jurisdiction relinquished.

_____

[5] We further note that the Commonwealth is not required to prosecute a defendant merely because its potential evidence could – if viewed in the light most favorable to the Commonwealth – sustain a *prima facie* case against a defendant. The decision to go forward with a prosecution will always be influenced by the prosecutor's evaluation of the **strength** of the Commonwealth's potential case. *See*, *e.g.*, Paul T. Crane, *Charging on the Margin*, 57 WM. & MARY L. REV. 775, 812 (2016) ("[i]n its purest form, concerns about likelihood of conviction are trained on the strength of the evidence and whether the prosecutor thinks the ultimate adjudicator - a judge or jury - is likely to enter a judgment of conviction").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  4/11/2022