J-S08004-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WESLEY DAVID PERONE | : | |
| | : | |
| Appellant | : | No. 1490 EDA 2024 |

Appeal from the Order Entered May 3, 2024
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0000992-2024

BEFORE:   DUBOW, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED JUNE 2, 2025**

Appellant, Wesley David Perone, appeals from the order entered on May 3, 2024, in the Court of Common Pleas of Lehigh County, which *nolle prossed* all charges in this case.  Appellant asserts that the trial court abused its discretion in granting the Commonwealth's request to *nolle pros* because the court did not follow proper procedures and the grant of a *nolle pros* violated his speedy trial rights.  Because Appellant suffered no harm from the trial court's decision to grant the *nolle pros* with prejudice, we quash this appeal.

The relevant factual and procedural history is as follows.  On January 8, 2024, the Commonwealth charged Appellant with Corrupt Organizations and related offenses for his involvement in an alleged conspiracy to distribute controlled substances in Lehigh, Carbon, and Schuylkill Counties, and unlawful

_____

[*] Retired Senior Judge assigned to the Superior Court.

possession of firearms. On January 30, 2024, a federal grand jury in the Middle District of Pennsylvania indicted Appellant for the distribution of controlled substances in Carbon County which, according to the Commonwealth, stemmed from the same facts as the present case. Commonwealth's Br. at 5. On May 3, 2024, the court *nolle prossed* all charges in this case due to Appellant's indictment in federal court "on charges stemming from the same underlying facts[.]"[1] Order, 5/3/24.

Appellant filed a timely *pro se* appeal.[2] The trial court did not order a Pa.R.A.P. 1925(b) statement, but it issued a Rule 1925(a) opinion. We then ordered the court to clarify whether it granted the request to *nolle pros* with or without prejudice. The court responded that it granted the request with prejudice. Response to Order, 4/28/25.

Appellant raises one issue for our review:

> Did the trial court abuse its discretion, and violate Appellant[']s right to due process, in granting the Commonwealth[']s request for *nolle prosequi* (without prejudice) without a formal motion ever being filed, without any notice to Appellant ever being given, without a hearing ever being held, and without affording Appellant the opportunity to contest the merits of the Commonwealth[']s request pursuant to Pa.R.Crim.P. 585(a)?

---

[1] The record does not contain a motion to *nolle pros* the charges. The Commonwealth explained that "the order was not issued pursuant to a formal motion, nor was it entered in open court." Commonwealth's Br. at 5.

[2] Appellant's privately-retained counsel no longer represented him, and the court denied his motion to appoint appellate counsel. Order Denying Appointment of Counsel, 5/31/24.

Appellant's Br. at 5 (unnecessary capitalization omitted).[3]

***

A *nolle prosequi* is a "voluntary withdrawal by the prosecuting attorney of present proceedings on a particular bill of indictment." **Commonwealth v. Whitaker**, 359 A.2d 174, 177 (Pa. 1976). "Upon motion of [] the Commonwealth, the court may, in open court, order a *nolle prosequi* of one or more charges notwithstanding the objection of any person." Pa.R.Crim.P. 585(A). We review the grant of a request for *nolle prosequi* for an abuse of discretion. **Commonwealth v. Rega**, 856 A.2d 1242, 1244 (Pa. Super. 2004).

If granted without prejudice, the *nolle prosequi* "can at any[]time be retracted to permit revival of proceedings[.]" **Commonwealth v. Whiting**, 500 A.2d 806, 807 (Pa. 1985). In evaluating a request to *nolle pros* without prejudice, a court should consider: (1) whether the Commonwealth's reason for the request is valid and reasonable; and (2) whether the defendant has a valid speedy trial claim.[4] **Commonwealth v. Reinhart**, 353 A.2d 848, 853 (Pa. 1976). The court should give both parties an opportunity to argue the motion. **Rega**, 856 A.2d at 1245. A court can also grant a *nolle pros* with prejudice, which is equivalent to the dismissal of charges, and generally is an

---

[3] The court did not clarify that it granted the request to *nolle pros* with prejudice until after Appellant filed his brief.

[4] Regarding a defendant's speedy trial rights, trial must commence within 365 days of the filing of a written criminal complaint, barring periods of excludable time. Pa.R.Crim.P. 600(A)(2)(a); (c)(1).

"extreme sanction that should be imposed sparingly and . . . only in cases of blatant prosecutorial misconduct." ***Commonwealth v. Burke***, 781 A.2d 1136, 1144 (Pa. 2001).

\*

Appellant maintains that the court abused its discretion when it *nolle prosed* the case. Appellant's Br. at 13-21. He notes procedural defects, specifically the lack of a formal motion to *nolle pros* and a hearing, maintains that it was unclear whether the Commonwealth or the court supplied the reason for the *nolle pros*, and challenges the reason provided. ***Id.*** at 13, 16, 18-19. Notably, he asserts that the *nolle pros* harmed him because he has been incarcerated on this case for 8 months and the Commonwealth has an "indefinite amount" of time to refile the charges in violation of his speedy trial rights.[5] ***Id.*** at 20.

Appellant's arguments address the procedure that the court must follow when granting a request to *nolle pros* without prejudice, which allows the Commonwealth to bring the charges again. ***Reinhart***, 353 A.2d at 853. However, the court here granted the request to *nolle pros* with prejudice. Therefore, the Commonwealth cannot bring the charges again,[6] and there is

---

[5] The trial court opined that this appeal is frivolous because the Commonwealth dismissed the charges. Trial Ct. Op., 5/31/24, at 1-2 (unpaginated).

[6] Although the Commonwealth addressed the merits of Appellant's arguments, it also noted that "there can be no concern that [it] might seek to refile charges against [Appellant] at some later date." Commonwealth's Br. at 9.

- 4 -

no risk to Appellant's speedy trial rights. It is well-settled that only a party aggrieved by an order entered in the trial court may appeal. ***See Commonwealth v. Lowman***, 278 A.3d 361, 363 n.1 (Pa. Super. 2022); ***see also*** Pa.R.A.P. 501.

Since the court's grant of the *nolle pros* with prejudice did not harm Appellant, and in fact only benefitted him, Appellant suffered no harm. We, thus, quash this appeal.

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/2/2025

- 5 -