J-S43003-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MIGUEL EDUARDO ROSARIO | : | |
| | : | |
| Appellant | : | No. 1543 EDA 2025 |

Appeal from the Order Entered March 24, 2025
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0003135-2019

BEFORE:  KUNSELMAN, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:               **FILED FEBRUARY 12, 2026**

Miguel Eduardo Rosario appeals *pro se* from the trial court's order denying his petition to reinstate his direct appeal rights.  We affirm.

The pertinent facts and procedural history may be summarized as follows.  On January 21, 2020, the Commonwealth charged Rosario with numerous criminal counts, including drug delivery resulting in death. Thereafter, on October 5, 2021, the Commonwealth filed a motion to *nolle prosequi* the charges because, on July 27, 2021, a federal grand jury indicted Rosario of similar crimes related to the same incident.  The Commonwealth's motion was filed pursuant to Criminal Rule 585(A), which provides:

> **Rule 585.  *Nolle Prosequi***
>
> (A) Upon motion of the attorney for the Commonwealth, the court may, in open court, order a *nolle prosequi* of one or more charges notwithstanding the objection of any person.

Pa.R.Crim.P. 585(A). That same day, the trial court granted the Commonwealth's request and the Commonwealth withdrew the charges.

An order granting a Commonwealth's motion for *nolle prosequi* is immediately appealable. **Commonwealth v. Rega**, 856 A.2d 1242, 1245 (Pa. Super. 2004). More than two months later, Rosario filed his notice of appeal on December 15, 2021. By order entered March 3, 2023, this Court *sua sponte* quashed Rosario's appeal because it was untimely filed. **Commonwealth v. Rosario**, 21 EDA 2022 (Pa. Super. filed Mar. 3, 2023).

Meanwhile, on February 2, 2023, following a seven-day trial, Rosario was convicted on all of the federal charges. Thereafter, the federal district court imposed an aggregate sentence of life in prison. Rosario filed an appeal with the U.S. Third Circuit Court of Appeals, which remains pending. **See U.S. v. Rosario**, 2025 WL 1615593 (C.A.3).

On June 5, 2023, Rosario filed a *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended petition. After providing Criminal Rule 907 notice, the PCRA court, by order entered February 1, 2024, dismissed the petition without a hearing. Rosario appealed. Thereafter, the attorney representing Rosario was permitted to withdraw and the PCRA court appointed new counsel. On April 17, 2024, PCRA counsel filed a petition to withdraw and an accompanying brief in which counsel asserted that the appeal had no merit. We initially remanded the matter based upon counsel's failure to comply with the technical requirements for post-conviction withdrawal. PCRA

- 2 -

counsel filed a new petition to withdraw. On October 15, 2024, Rosario filed a *pro se* response to counsel's brief and request to withdraw.

On October 20, 2024, we affirmed the order denying post-conviction relief and permitted PCRA counsel to withdraw. ***See Commonwealth v. Rosario***, 329 A.3d 669 (Pa. Super. 2024) (non-precedential decision). In doing so, this Court agreed with PCRA counsel's assessment that Rosario was ineligible for relief under the PCRA because he had "not been convicted of a crime under the laws of the Commonwealth of Pennsylvania and is not currently serving a sentence of imprisonment, probation, or parole." ***Id.*** at 5 (citations omitted). We further noted that in his *pro se* response, Rosario requested that "'this Court dismiss the appeal in order [for him] to seek relief in federal court.'" ***Id.*** at 6 (citation omitted).

Rosario did not do so. Instead, on March 17, 2025, Rosario filed a "Motion to the Court Requesting Permission for Reinstatement of [Appellate] Rights Nunc Pro Tunc." By order entered March 24, 2025, the trial court denied Rosario's motion. This appeal followed.[1] Both Rosario and the trial court have complied with Appellate Rule 1925.

_____

[1] Although Appellant filed his *pro se* notice of appeal on June 16, 2025, we note that there is no indication on the trial court docket that Rosario was served a copy of the trial court's March 25, 2025 order. Thus, we will consider the appeal as timely filed. ***See Commonwealth v. Midgley***, 289 A.3d 1111, 1117 (Pa. Super. 2023) (holding that when the trial court docket in a criminal case does not indicate service on a party, this Court "will treat the time in which to take an appeal as never having started to run and treat the appeal as timely").

Rosario raises the following two issues on appeal:

1) Did the trial court commit reversible error by dismissing criminal charges pursuant to Pa.R.Crim.P. 585 on the same day the Commonwealth filed its motion, without affording [Rosario] an opportunity to be heard and without conducting the required hearing in open court?

2) Was [Rosario] denied effective assistance of counsel where trial counsel failed to advise [Rosario] of his right to file an appeal upon request, and successor counsel misadvised [Rosario] to pursue a PCRA petition on charges that were dismissed nolle prosequi and never resulted in conviction?

Rosario's Brief at 4.

Rosario's statement of issues assumes the trial court granted his motion to reinstate his appeal rights and challenges the order of December 5, 2021. Before addressing these issues, however, we must first determine whether the trial court erred and/or abused its discretion when it denied Rosario's motion to reinstate his appellate rights.

Our standard of review of an order denying the *nunc pro tunc* reinstatement of an appellant's appellate rights is deferential. "The denial of an appeal nunc pro tunc is within the discretion of the trial court, and we will only reverse for an abuse of that discretion. **Freeman v. Bonner**, 761 A.2d 1193, 1194 (Pa. Super. 2000).

Rosario's argument supporting his entitlement to *nunc pro tunc* relief is woefully undeveloped. In a single sentence, he asserts that reinstatement of appellate rights "is the remedy approved by the Supreme Court" and cites the United States Supreme Court's decision in **Roe v. Flores-Ortega**, 528 U.S.

470 (2000). It is now well settled that undeveloped claims will not be considered on appeal. ***See***, ***e.g.***, ***Commonwealth v. Tielsch***, 934 A.2d 81, 93 (Pa. Super. 2007).

Here, it is clear from our review of the record that the federal government took over the prosecution of Rosario for the crimes at issue in 2021. In 2023, he was convicted in federal court and sentenced to life in prison. Even if Rosario was afforded the opportunity to challenge the dismissal of the state charges at this late date, it would in no way affect his federal convictions. We are perplexed as to why Rosario would want his state criminal charges to be reinstated. Nevertheless, given these unique circumstances, we cannot conclude that the trial court erred or abused its discretion in denying Rosario's motion to reinstate his direct appeal rights *nunc pro tunc*.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/12/2026

- 5 -